# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-10750

United States Court of Appeals
Fifth Circuit

**FILED**

December 21, 2016

Lyle W. Cayce
Clerk

LARRY JOE MORGAN,

Plaintiff-Appellant

v.

HENDRICK MEDICAL CENTER; TEXAS DEPARTMENT OF CRIMINAL JUSTICE; JOHN MIDDLETON UNIT; JOYCE OWEN, in her individual work capacity; ISABEL SALAS, in their individual work capacity; CONNIE SELLS, in her individual work capacity; ROCKY MOORE, in their individual work capacity; SERGEANT WREND, in their individual work capacity; AYERS, in their individual work capacity,

Defendants-Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:14-CV-117

Before OWEN, ELROD, and COSTA, Circuit Judges.

PER CURIAM:[*]

Larry Joe Morgan, Texas prisoner # 1847262, moves for leave to proceed in forma pauperis (IFP) on appeal from the dismissal of his 42 U.S.C. § 1983 complaint and the denial of his Federal Rule of Civil Procedure 60(b) motion

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

challenging that dismissal.   Morgan asserted that the defendants were deliberately indifferent to his serious medical needs caused by a painful exposed nerve in his mouth.  The magistrate judge (MJ) to whom the case was referred concluded that Morgan had not made a showing of deliberate indifference and dismissed Morgan's complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

By moving to proceed IFP, Morgan is challenging the certification that his appeal is not taken in good faith because it is frivolous.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).  We review the dismissal of Morgan's complaint and the denial of his Rule 60(b) motion for an abuse of discretion.  *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010); *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998).

Morgan complains that no written form reflects that he consented to the MJ hearing his case.  His written consent was not required, however.  18 U.S.C. § 636(c)(2); *Roell v. Withrow*, 538 U.S. 580, 585 (2003).  We will not consider Morgan's allegations raised for the first time on appeal that he had no choice to decline the MJ's jurisdiction and does not recall giving oral consent at his hearing.  *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991).

The record belies Morgan's assertion that the MJ demonstrated bias or a conflict of interest by failing to rule or unduly delaying ruling on his motions.  Further, Morgan's receiving unfavorable rulings, without more, does not prove the MJ was biased or conflicted.  *See Liteky v. United States*, 501 U.S. 540, 555 (1994).  Once his claims were determined to be frivolous, Morgan was not

entitled to a jury trial. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985).

Morgan cannot succeed on his claim that the MJ violated his due process rights because he has not demonstrated that any evidentiary ruling caused him prejudice. *See Ball v. LeBlanc*, 792 F.3d 584, 591 (5th Cir. 2015). His claim that Federal Rule of Civil Procedure 60(b)(3) was violated fails for lack of any evidence of fraud. *See Diaz v. Methodist Hosp.*, 46 F.3d 492 496 (5th Cir. 1995).

Last, Morgan has not met the "extremely high standard" of demonstrating the defendants' deliberate indifference by showing that they were aware of and disregarded an excessive risk to his health or safety. *Brauner v. Coody*, 793 F.3d 493, 498 (5th Cir. 2015) (internal quotation marks and citation omitted). Because Morgan has not shown that any defendant "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs," *id.* (internal quotation marks and citation omitted), he has not shown that any defendant acted with "a sufficiently culpable state of mind" to support his claim, *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citation omitted).

As Morgan has failed to demonstrate that his appeal involves legal points that are not frivolous, his IFP motion is DENIED. *See Howard*, 707 F.2d at 220. Because the appeal is frivolous, it is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. The dismissal of Morgan's complaint in the district court and our dismissal of this appeal both count as a strike under 28 U.S.C. § 1915(g). *See Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Morgan is CAUTIONED that if he accumulates three strikes, he will not be allowed to

proceed IFP in any civil action or appeal filed while he is detained or incarcerated in any facility unless he is under imminent danger of serious physical injury.