# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-10975
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 13, 2016

Lyle W. Cayce
Clerk

RICKEY FANTROY,

      Plaintiff - Appellant

v.

FIRST FINANCIAL BANK, NATIONAL ASSOCIATION; FIDELITY
NATIONAL TITLE INSURANCE COMPANY; AMERIQUEST MORTGAGE
COMPANY; DEUTSCHE BANK NATIONAL TRUST COMPANY, as Trustee
for Ameriquest Mortgage Securities Incorporated, Asset Backed Pass
Through Certificates, Quest Trust Series 2006-XL, Under the Pooling and
Servicing Agreement Dated as of March 1, 2005, by its Attorney in Fact AMC
Mortgage Services, Incorporated; ARGENT MORTGAGE COMPANY,

      Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CV-82

Before DAVIS, JONES, and HAYNES, Circuit Judges.

PER CURIAM:*

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Defendants moved to dismiss plaintiff's appeal from the district court's denial of his Federal Rule of Civil Procedure 60(b) motion for fraud on the court. Because plaintiff's appeal is frivolous, we grant the defendant's motion and impose sanctions.

## I.

Rickey Fantroy lost his home in foreclosure proceedings to Deutsche Bank National Trust Company (Deutsche Bank). In 2008, he sued Deutsche Bank and others in state court for fraud and wrongful foreclosure. The defendants were granted summary judgment, which the state appellate court affirmed.

In 2012, Fantroy filed suit in federal court and asserted the same claims that he made in the state courts. As such, the district court dismissed his lawsuit for its lack of subject matter jurisdiction. Fantroy appealed to this Court, but we dismissed it as frivolous.[1] We explained to Fantroy that he "is WARNED that further frivolous litigation will result in substantial sanctions under Rule 38 or this court's inherent sanctioning power and will include monetary sanctions and restrictions on access to federal court."

Undeterred, Fantroy filed a motion asking the district court for leave to file a Federal Rule of Civil Procedure 60(b) motion for fraud on the court. The district court denied it as time barred and insufficiently alleged. Then, Fantroy brought the present appeal, and defendants have filed a motion to dismiss it as frivolous.

## II.

Fantroy's appeal does not address any potential error in the district court's denial of his Rule 60(b) motion for fraud on the court. Instead, while couched as fraud on the court, his appeal reurges the same arguments from his

---

[1] *Fantroy v. First Fin. Bank*, No. 13-10448 (5th Cir. Sept. 9, 2014).

No. 15-10975

prior lawsuit. There is no merit to his claims, and we dismiss his appeal as frivolous. Moreover, Fantroy failed to heed our prior warning about frivolous filings, so we sanction him $500 in the form of damages to be paid to the defendants jointly and bar him from future litigation that arises out of this transaction, unless he obtains the district court's permission.

## III.

For these reasons, IT IS SO ORDERED.