# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-11002
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 27, 2017

Lyle W. Cayce
Clerk

RICKEY FANTROY,

Plaintiff-Appellant

v.

PAMELA FANTROY; OFFICE OF THE ATTORNEY GENERAL OF TEXAS,

Defendants-Appellees

———————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-1666

———————

Before KING, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:*

Rickey Fantroy appeals the district court's denial of a postjudgment motion that Fantroy filed 18 months after that court dismissed his civil action as improperly removed from state court. Fantroy's motion was, in effect, a motion under Federal Rule of Civil Procedure 60(b). *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). On appeal, Fantroy asserts that federal jurisdiction exists and that he provided

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the state court with adequate notice of removal.  Substantively, he argues that he did not owe child support payments that were deducted from his Social Security payments.

Fantroy's notice of appeal was timely only as to the denial of the Rule 60 motion and does not bring up the underlying dismissal for review.  *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010).  Nonetheless, we may affirm the judgment on any ground apparent from the record.  *See Ballard v. Burton*, 444 F.3d 391, 402 (5th Cir. 2006).  We will affirm the district court's denial of a Rule 60 motion unless that denial was "so unwarranted as to constitute an abuse of discretion."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

Fantroy's state court action challenged the collection of a state-created obligation to pay child support.  That action was not removable because the federal court lacked subject matter jurisdiction.  *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986); 28 U.S.C. § 1441(a).  The parties were not diverse as required by 28 U.S.C. § 1332.  Further, Fantroy's claims did not arise under federal law under 28 U.S.C. § 1331, because federal law did not provide his cause of action, and the vindication of his rights under state law did not require any construction of federal law.  *See Merrell Dow Pharm.*, 478 U.S. at 808.  We also note that Fantroy has pointed to no procedure by which a *plaintiff* may remove his own state court action to federal court.

Because the district court lacked subject matter jurisdiction over his putatively removed action, Fantroy does not show that the district court abused its discretion by denying his Rule 60 motion.  *See Seven Elves*, 635 F.2d at 402.  Indeed, Fantroy's appeal is so completely lacking in arguable merit that it is DISMISSED AS FRIVOLOUS.  *See* 5TH CIR. R. 42.2; *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

No. 15-11002

We have already imposed a $500 sanction on Fantroy for other frivolous litigation in federal court. *See Fantroy v. First Fin. Bank, Nat. Ass'n*, 648 F. App'x 407, 408 (5th Cir. 2016). We previously warned him of substantial sanctions for frivolous litigation. Fantroy's current attempt to use the federal courts to contest his state-created child support obligation confirms that he is undeterred from the reckless filing of legally baseless and frivolous litigation in federal court. He is likewise undeterred by being required to pay filing fees.

Accordingly, we impose upon Rickey Fantroy a SANCTION of ONE THOUSAND DOLLARS ($1,000). Further, IT IS ORDERED that until the sanction is paid, Fantroy is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction unless he first obtains leave of the court in which he seeks to file his pleading. The clerk of this court and the clerks of all federal district courts in this circuit are directed to return to Fantroy, unfiled, any attempted submission inconsistent with this order. To obtain permission under this order, Fantroy must send a letter requesting such permission and attaching copies of the proposed filing and this order, to the clerk of the forum court.

APPEAL DISMISSED AS FRIVOLOUS; SANCTION IMPOSED.