# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2010

No. 08-31222

Lyle W. Cayce
Clerk

ANTHONY G BAILEY,

Petitioner-Appellant

v.

BURL CAIN, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana

Before JONES, Chief Judge, and KING and HAYNES, Circuit Judges.

HAYNES, Circuit Judge:

Anthony G. Bailey, Louisiana prisoner # 297843, was convicted of attempted second degree murder and sentenced to a life term of imprisonment as a habitual offender. Bailey filed the instant 28 U.S.C. § 2254 application to challenge his conviction. For the reasons set forth below, we DISMISS his appeal of the original order denying habeas relief and AFFIRM the denial of his Rule 60(b) motion.

## I. Facts and Proceedings

Because Bailey's application appeared to be untimely, a magistrate judge sua sponte raised the question of limitations to file the habeas challenge and concluded that the matter was time-barred. On September 17, 2008, the district

court adopted the magistrate judge's report and recommendation, dismissed Bailey's § 2254 application as time-barred, and entered a final judgment.  On October 10, 2008, Bailey moved for an extension of time to move for a certificate of appealability (COA).[1]   The magistrate judge granted the extension to November 3, 2008.  Bailey instead filed the equivalent of a Rule 60(b) motion[2] arguing that newly discovered evidence showed that his application was not time barred. On December 16, 2008, Bailey filed a motion for a COA in this court.[3] By order dated August 13, 2009, we granted a  COA on the issues of whether the district court should have raised the limitations issue sua sponte and, if so, whether the dismissal was proper.

In the same order, we asked the parties to brief whether Bailey timely appealed from the September 17, 2008, judgment dismissing his § 2254 application as barred by limitations.  *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987)("This court must examine the basis of its jurisdiction on its own motion, if necessary.").  This question requires consideration of whether Bailey's October 10, 2008, motion for an extension of time to file a COA can be construed

---

[1] The document contained the caption of the district court case and was styled: "Motion for an Extension of Time to File Motion for a Certificate of Appealability."  The body of the motion stated in its entirety: "Anthony G. Bailey, Petitioner pro-se, herein moving for an extention [sic] of time to file a motion for a certificate of appealability.  Petitioner is experiencing logistic difficulties with the prison administration, impeding ability to timely submit his C.O.A. request, respectfully requesting an additional 15 days to comply herein; otherwise he shall be denied his constitutional right of access to the court."  It is then signed and dated with the notation "Respondant [sic] duly served."

[2] Thus, the only document filed during the period of time to appeal, even including the district court's extension of time to file the COA motion, which has any possibility of being construed as a notice of appeal is the document quoted in footnote 1.

[3] On March 2, 2009, Bailey filed a second Rule 60(b) motion, again challenging the September 17, 2008, judgment dismissing his habeas application as barred by limitations. Bailey argued that in light of *Jimenez v. Quarterman*, 129 S. Ct. 681 (2009), the limitations period did not begin to run until his out-of-time appeal was final and thereafter was tolled, rendering his § 2254 application timely filed.  The district court denied the Rule 60(b) motion for lack of jurisdiction, noting that Bailey's appeal was pending before this court.  Bailey did not file a separate notice of appeal from the district court's order denying his second Rule 60(b) motion, and we do not consider it here.

as the "functional equivalent" of a notice of appeal from the September 17, 2008, judgment. *See Smith v. Barry*, 502 U.S. 244, 248 (1992); *see also McLemore v. Landry*, 898 F.2d 996, 999 (5th Cir. 1990) ("inartfully drawn" notice of appeal may still meet the requirements of Rule 3 of the Federal Rules of Appellate Procedure).

## II.  Jurisdiction

Despite our invitation to brief the jurisdictional question, the State did not address this issue.  Nonetheless, because jurisdiction cannot be waived, we must address this point sua sponte. *See Martin v. Halliburton*, 601 F.3d 381, 386 (5th Cir. 2010).

A timely filed notice of appeal in a civil case is "mandatory and jurisdictional." *Burnley v. City of San Antonio*, 470 F.3d 189, 192 (5th Cir. 2006) (citing FED. R. APP. P. 3 advisory committee's note). Nonetheless, Federal Rule of Appellate Procedure 3 makes clear that formality and title are not dispositive of whether a document is a notice of appeal.  *See Smith*, 502 U.S. at 249. Instead, we must examine the substance of the document to determine whether it evinces an intent to appeal and contains the identity of the party or parties appealing, the judgment or order appealed from, and the court to which the appeal is to be taken.  *Id.* at 248.  Where there is only one court to which appeal could be taken, a notice is not deficient if it fails to name that court.  *United States v. Cantwell,* 470 F.3d 1087, 1089 (5th Cir. 2006).

We previously have held that a motion for extension of time to appeal that does not equivocate about whether an appeal will be taken and that contains the names of the parties appealing and the order or judgment from which appeal is taken can suffice as the "functional equivalent" of a notice of appeal. *Id.; cf. Pope v. Holuber*, 172 F.3d 867, 867 (5th Cir. 1999) (motion for extension of time to appeal so movant could decide whether he had an appealable issue was insufficient as a notice of appeal because it equivocated).  We have also held that a motion for a COA can serve as the "functional equivalent" of a notice of appeal.

*Stevens v. Heard*, 674 F.2d 320, 322 (5th Cir. 1982) (addressing the filing of a certificate of probable cause, the precursor to a certificate of appealability request). We have not, however, addressed in a published opinion whether a motion to extend the time to file a motion for a COA is the "functional equivalent" of a notice of appeal.[4]

The Seventh Circuit recently examined this issue in *Wells v. Ryker*, 591 F.3d 562 (7th Cir. 2010). In that case, the court concluded that "the motion for an extension of time to seek a certificate of appealability in this instance suffices to serve as the functional equivalent of a notice of appeal." *Id.* at 565. The motion in that case identified the parties and the order being appealed. *Id.* The omission of the court to which an appeal would be taken was excused because the court was "obvious." *Id.* The court concluded that the motion's request for additional time to seek a certificate of appealability "conveyed the needed information to the warden and the State of Illinois that an appeal would be taken to this court." *Id.* Ultimately, the court decided that "the motion for extension of time to request a certificate of appealability is an attenuated example of a functional equivalent to a notice of appeal, and probably lies at the outer limit of what motions may suffice under *Smith v. Barry*. But, we are confident that the appellant's motion in this case served adequate notice under the Rule." *Id.*

Even if we followed *Wells* in this case, however, Bailey's document would come up short. His motion for extension of time to file a COA application meets only one of the three requirements of a notice of appeal: it states his name. Of course, so does every pleading and motion a party files in the district court. Omitted from Bailey's motion that was present in *Wells* is a specific reference to the judgment or order from which appeal was taken. *See Isert v. Ford Motor Co.*,

---

[4] In the unpublished opinion of *Neslo v. Cain*, No. 99-31392, 2000 WL 960660, at *1 (5th Cir. June 16, 2000), we held that a motion for extension of time to file a motion for certificate of appealability is not sufficient to serve as a notice of appeal.

461 F.3d 756, 763 (6th Cir. 2006) (where appellants failed to designate the judgment from which appeal was to be taken in their motion to extend, the court found no timely notice: "Courts can, and should, work overtime to excuse errors of form but they cannot simultaneously excuse errors of form *and* function without assuming authority to waive compliance with the Rules altogether."); *see also Abel v. Sullivan*, 326 F. App'x 431, 433 (9th Cir. 2009)[5] (where motion for extension of time named parties and order appealed from, it was the functional equivalent of a notice of appeal); *Rinaldo v. Corbett*, 256 F.3d 1276, 1279 (11th Cir. 2001) (motion to extend time for filing a notice of appeal evinced an intent to appeal and contained all three of Rule 3's requirements and, therefore, was a functional equivalent of a notice of appeal).  At the time Bailey filed his notice, the district court had entered four orders and a final judgment.  If we simply infer that Bailey meant to appeal the final judgment, we have essentially reduced the three requirements of Rule 3 to one: naming the party.  We do not read *Smith* so broadly.  We conclude that Bailey's motion here did not meet the requirement of filing a timely notice of appeal and his motion to extend is not a "functional equivalent," such that his appeal of the September 17, 2008, judgment is untimely, leaving only the appeal of the Rule 60(b) denial properly before us.

III.  Appeal from the Denial of the First Rule 60(b) Motion

A notice of appeal from the denial of a Rule 60(b) motion in a civil proceeding does not bring up the underlying judgment for review.  *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203-04 (5th Cir. 1993).  We review the denial of a Rule 60(b) motion for abuse of discretion.  *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009).  Bailey argued that the district court erred in concluding that his § 2254 application was time-barred without

---

[5] Unpublished decisions are not precedent; this case is cited as an exemplar of how the 9th Circuit handled a related situation.

considering the transcript of a 2002 hearing that was only transcribed after the court's ruling.  Although styled as a Rule 60(b)(6)[6] motion, Bailey's motion is premised on "newly discovered evidence," which is addressed by Rule 60(b)(2).  We therefore consider his arguments under that rule.  *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)(noting that clause (6) is mutually exclusive of clauses (1) through (5).

To obtain relief under Rule 60(b)(2), a movant must show that "with reasonable diligence" this evidence could not have been discovered sooner.  FED. R. CIV. P. 60(b)(2).  Not only has Bailey not made this showing, but also he has tacitly admitted he could have provided this evidence sooner.  In his brief to this court, Bailey states that he ordered the transcription after the magistrate judge issued the report and recommendation.  He makes no attempt to show that he could not have obtained this transcription sooner if it were necessary to make his case before the district court.  Accordingly, we conclude that the district court did not abuse its discretion in denying Bailey's Rule 60(b)motion.

## IV.  Conclusion

For the foregoing reasons, we DISMISS for want of jurisdiction Bailey's appeal from the September 17, 2008, order; we AFFIRM the November 17, 2008, order denying the Rule 60(b) motion.

---

[6]  Under Rule 60(b)(6), relief may be granted from a final judgment on "any other reason that justifies relief."