# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2011

No. 10-10952
Summary Calendar

Lyle W. Cayce
Clerk

LESTER JON RUSTON,

Petitioner-Appellant

v.

UNITED STATES OF AMERICA,

Respondent-Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:04-CV-1804

Before DENNIS, CLEMENT, and ELROD, Circuit Judges.

PER CURIAM:[*]

Lester Jon Ruston, federal civil detainee, # 26834-177, moves for leave to proceed in forma pauperis (IFP) in this appeal of the denial of his motion to vacate the judgment filed under Rule 60 of the Federal Rules of Civil Procedure. By moving to proceed IFP, Ruston is challenging the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10952

Ruston has not shown that the district court abused its discretion in denying his Rule 60 motion. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010), *cert. denied*, 131 S. Ct. 931 (2011). Ruston may not reassert his § 2241 claims because his appeal of the denial of his Rule 60 motion does not bring up the underlying judgment for review. *See id.* He has not alleged that bribery of the judge, fabrication of evidence, an unconscionable plan or scheme designed to improperly influence the court, or fraud occurred during the pendency of the instant 28 U.S.C. § 2241 petition. *See* FED. R. CIV. P. 60(d)(3). To the extent that he seeks relief under Rule 60(b)(3), the motion was untimely as it was filed more than one year after the entry of the judgment. *See* FED. R. CIV. P. 60(c)(1). Ruston has not shown that his appeal involves "'legal points arguable on their merits (and therefore not frivolous).'" *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Thus, Ruston has not shown that the district court abused its discretion in denying his motion, whether it was filed under Rule 60(b) or Rule 60(d). *See Bailey*, 609 F.3d at 767.

Ruston's appeal is without arguable merit and is therefore frivolous. *See Howard*, 707 F.2d at 220. Accordingly, his request for leave to proceed IFP is denied, and the appeal is dismissed. *See* 5th Cir. R. 42.2; *see also Baugh*, 117 F.3d at 202 n.24. Ruston's motion for summary disposition of the appeal pursuant to Rule 27 of the Federal Rules of Appellate Procedure is also denied.

We remind Ruston that he may not file in this court any pro se initial pleading, including a petition for mandamus relief, or any pro se appeal from a district court order without first receiving the written permission of an active judge of this court. Thus, before filing any pro se appeal or other pro se action in this court, Ruston must submit to the clerk of this court a request for permission to file, which the clerk shall direct to an active judge of the court. In requesting the required permission, Ruston shall inform the court of the bar stated in *In re Ruston*, No. 10-10509 (5th Cir. Oct. 5, 2010), and *In re Ruston*,

No. 10-10952

10-10638 (5th Cir. Oct. 6, 2010).  The bar does not apply to pleadings filed by counsel on Ruston's behalf.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION REITERATED.