# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 7, 2012

No. 10-31171

Lyle W. Cayce
Clerk

DON CARRAWAY,

Plaintiff - Appellant

v.

UNITED STATES OF AMERICA, on behalf of Federal Emergency
Management Agency; W. CRAIG FUGATE,

Defendants - Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:09-cv-01526-JTT-JDK

Before KING, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellant Don Carraway ("Carraway") applied for disaster relief from the Federal Emergency Management Agency ("FEMA") in the form of financial assistance for home and vehicle repairs and dental services. FEMA awarded Carraway $382.40 for loss to personal property but denied him further relief. Carraway subsequently sued FEMA, seeking additional relief funds. On July 9, 2010, the district court granted FEMA's motion to dismiss Carraway's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims, holding that the claims were barred by the doctrine of sovereign immunity. On August 26, 2010, Carraway filed a request for leave to file an out of time motion for reconsideration, which the district court granted. On October 12, 2010, Carraway filed a "Motion for New Trial/Reconsideration" and several other post-judgment motions, including a motion to waive the appeal deadline for the judgment of dismissal, a motion requesting that the court file a waiver of sovereign immunity, and a motion for entry of default judgment against the government. The district court denied Carraway's motions in orders dated October 20 and 28, 2010.

On November 22, 2010, Carraway filed a pro se handwritten notice of appeal. The notice, however, did not indicate the judgment or order Carraway sought to challenge.[1] Under Federal Rule of Appellate Procedure 3(c)(1)(B), a "notice of appeal must . . . designate the judgment, order, or part thereof being appealed." "Rule 3's dictates are jurisdictional in nature, and their satisfaction is a prerequisite to appellate review." *Smith v. Barry*, 502 U.S. 244, 248 (1992) (citing *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316–17 (1988)). Although we may "permit[] imperfect but substantial compliance with [the] technical requirement[s]" of Rule 3, we may not "waiv[e] the requirement[s] altogether." *Torres*, 487 U.S. at 315–16. In reviewing Carraway's notice of appeal, we conclude that it was not merely "technically at variance with the letter of [Rule 3]," but it instead completely failed to comply with the rule's requirements. *Smith*, 502 U.S. at 248 (alteration in original) (citation and internal quotation marks omitted); *cf. Bailey v. Cain*, 609 F.3d 763, 766–67 (5th Cir. 2010) (ruling that where "the district court had entered four orders and a final judgment," a

---

[1] If Carraway sought to challenge the district court's dismissal of his claims, this challenge would be barred as untimely. *See* FED. R. APP. P. 4(a)(1)(B); *see also Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) ("The timely filing of an appeal is mandatory and jurisdictional.") (internal quotation marks and citation omitted).

motion that lacked "a specific reference to the judgment or order from which appeal was taken . . . did not meet the requirement of filing a timely notice of appeal").  Therefore, we DISMISS Carraway's appeal for lack of jurisdiction.