# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 14, 2013

Lyle W. Cayce
Clerk

No. 12-20690

GERALD GILBERT,

Plaintiff-Appellant

v.

Warden JAMES W. MOSSBARGER; RODNEY E. DeWALT; MARY E. CARROLL, Grievance Investigator II,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CV-4048

Before JONES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Gerald Gilbert, Texas prisoner # 1236206, moves for the appointment of counsel and for leave to proceed in forma pauperis (IFP) on appeal from the denial of the motion for reconsideration that he filed after the district court dismissed his 42 U.S.C. § 1983 action as frivolous. By moving to proceed IFP, Gilbert challenges the district court's certification that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

To proceed IFP, a litigant must be economically eligible, and the appeal must be taken in good faith. *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). An appeal is taken in good faith if it raises legal points that are arguable on the merits and thus nonfrivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983).

Gilbert's appeal from the denial of his motion for reconsideration does not bring up his underlying judgment for review. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). Because he has not shown that the district court abused its discretion in denying his motion for reconsideration, *see id.*, Gilbert has not established that he will raise a nonfrivolous appellate issue. *See Howard*, 707 F.2d at 220. Accordingly, we deny his motion to proceed IFP on appeal and dismiss his appeal as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of Gilbert's § 1983 action as frivolous and the dismissal of his appeal as frivolous count as two strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Gilbert is cautioned that if he accumulates three strikes under § 1915(g), he will not be allowed to proceed IFP in any civil action or appeal, filed while he is incarcerated or detained in any facility, unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

Finally, Gilbert has not shown "exceptional circumstances" warranting the appointment of counsel. *Cooper v. Sheriff, Lubbock Cnty., Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Accordingly, we deny his motion for the appointment of counsel.

MOTIONS DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.