# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20645
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2014

Lyle W. Cayce
Clerk

WILLIS FLOYD WILEY,

Plaintiff-Appellant

v.

RESCAR INDUSTRIES, INCORPORATED,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:10-CV-4434

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Willis Floyd Wiley filed a civil rights complaint against Rescar Industries, Inc. (Rescar) seeking damages for the wrongful death of his father, Lee Otis Ryans, while working for Rescar. Wiley alleged that Rescar violated Occupational Safety and Health Act (OSHA) regulations and his father's constitutional rights under 42 U. S. C. § 1983. The district court dismissed the complaint because Wiley had failed to state a claim on which relief could be

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20645

granted. The district court found that Rescar was not a state actor subject to suit under § 1983, that OSHA provides no private cause of action, and that Wiley had failed to establish that he had standing to sue for injuries to Ryans.

Wiley appeals the district court's judgment dismissing his complaint. A timely notice of appeal is a prerequisite to the exercise of appellate jurisdiction in a civil case. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). The notice of appeal in a civil action must be filed within 30 days of entry of the judgment or order from which the appeal is taken. FED. R. APP. P. 4(a)(1)(A). The district court entered its final judgment on February 11, 2013. Wiley did not file a notice of appeal within that period. Accordingly, this court lacks jurisdiction to review his arguments relative to the judgment entered on February 11, 2013. *See* FED. R. APP. P. 4(a)(1); *Bowles*, 551 U.S. at 213-14.

Wiley's October 28, 2013 notice of appeal is timely as to the district court's October 25, 2013, order denying post judgment relief pursuant to Federal Rule of Civil Procedure 60(b). *See Harcon Barge Co., Inc. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). We review the denial of a Rule 60(b) motion for an abuse of discretion. *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). On appeal, Wiley does not address the standard of review for Rule 60(b) denials, but simply attacks the dismissal of his complaint by arguing the merits of his underlying claims. Wiley has effectively abandoned all available arguments on appeal. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

AFFIRMED.