# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 14-11113
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

July 2, 2015

Lyle W. Cayce
Clerk

JAMES BOSWELL, Veterans Helping Veterans,

　　　　Plaintiff - Appellant

v.

TEXAS CHRISTIAN UNIVERSITY; HONORABLE JOHN MCHUGH, Secretary of the Army; VICTOR J. BOSHINI, JR., Chancellor of Texas Christian University; CLARENCE SCHBAUER, III, Chairmen of the Board of Trustees; LAW FIRM OF MCDONALD SANDERS; BOARD OF TRUSTEES TEXAS CHRISTIAN UNIVERSITY; JUDGE TERRY R. MEANS, U.S. District Judge; ROBERT L. GINSBURG, Attorney for Texas Christian University,

　　　　Defendants - Appellees

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-330

———————

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

———————

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This purported appeal by plaintiff-appellant James Boswell arises out of the same district court proceeding as Mr. Boswell's purported appeal in *Boswell v. Texas Christian University*, No. 14-11089. The procedural history is somewhat unusual in that two documents in the district court proceeding gave rise to two separate appeals, even though they are closely related. We conclude that the earlier panel's analysis controls the outcome of this appeal.

Both appeals ultimately arise out of a memorandum opinion and order and final judgment entered by the district court on September 16, 2014, which dismissed Mr. Boswell's claims against all defendants with prejudice and imposed costs and fees against Mr. Boswell as sanctions for his frivolous, baseless, and harassing lawsuits against Texas Christian University and related defendants (collectively, "TCU Defendants"). The district court noted it would entertain a request for attorney's fees from the TCU Defendants.

On September 26, 2014, Mr. Boswell filed with the district court a document titled a "Motion for New Trial, Stay on the Proceedings, Visiting Judge Intervention, and in the alternative this Notice to Appeal." On September 29, 2014, the district court construed the document as a notice of appeal; in the alternative, it denied any relief in the district court. That purported appeal was assigned Docket Number 14-11089 in this court on October 10, 2014.

Next, the TCU Defendants filed an application for attorney's fees on September 30, 2014. The district court granted the order on October 2, 2014 and assessed Mr. Boswell with attorney's fees in the amount of $9,553.00.

On October 6, 2014, Mr. Boswell filed with the district court a document titled a "Notice of Appeal to Civil Action 4:14-CV-0330-0 and Request for Judicial Evaluation of Sanction[;] Motion for Approval of Electronic Filing[;] Leave of Court to Start over with an Enbanc [sic] Hearing and Replacement Documentation with a Ten Day Suspense Disregarding the 20 Copies of

No. 14-11113

Excerpts and Previous Motion[;] Update on the Chief Justice to Congress Impeachment Regarding North Texas Judges[;] Motion to Stay Based on Evaluation of North District Court Misconduct[; and] Second Motion for Stay to Recuse Judith Jones and All Judges Who Have Previously Ruled on TCU I, TCU II, TCU III, and TCU IV." The October 6 filing was also construed as a notice of appeal, giving rise to this appeal.

On January 27, 2015, the No. 14-11089 panel dismissed the appeal, concluding that it lacked subject matter jurisdiction to hear it. The panel based its decision on the fact that Mr. Boswell had failed to unequivocally evince an intent to appeal in his district court pleadings, but rather had coupled his purported notice of appeal with requests for additional or alternative district court relief. Most relevant to this appeal, the panel in No. 14-11089 specifically analyzed Mr. Boswell's October 6, 2014 filing:

> On October 6, 2014, the plaintiff filed in the district court a pro se document entitled "Notice of Appeal to Civil Action . . . ," which the district court transmitted to this court as a notice of appeal. The document requests a waiver of the filing fee for appeal or perhaps the two cases may be started over and combined as the primary relief, and leave to appeal only in the alternative. Thus, it does not clearly evince an intent to appeal, and therefore it is not effective as a notice of appeal. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Further, plaintiff's equivocation prevents his filing from being considered a "functional equivalent" of a notice of appeal. *See Baily v. Cain*, 609 F.3d 763, 765 (5th Cir. 2010). Accordingly, we lack jurisdiction, and the appeal must be dismissed.[1]

The sole basis for the instant appeal is Mr. Boswell's October 6, 2014 filing. Because the earlier panel has already interpreted that document and held that it does not constitute a notice of appeal or the functional equivalent

---

[1] January 27, 2015 Order, No. 14-11089.

3

of a notice of appeal, we must reach the same conclusion under the Fifth Circuit's rule of orderliness.[2] Accordingly, we conclude, as the earlier panel concluded, that we lack subject matter jurisdiction to hear this appeal, and the appeal must be dismissed.

IT IS SO ORDERED.

---

[2] *See, e.g., Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our *en banc* court. Indeed, even if a panel's interpretation of the law appears flawed, the rule of orderliness prevents a subsequent panel from declaring it void." (citations omitted)).