# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40303

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2016

Lyle W. Cayce
Clerk

KENNETH N. CAIN,

Plaintiff-Appellant

v.

LONNIE SMITH, Sergeant at Telford Unit; STATE OF TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 5:11-CV-144

Before HIGGINBOTHAM, SMITH, and OWEN, Circuit Judges.

PER CURIAM:[*]

Kenneth N. Cain, Texas prisoner # 1461710, requests leave to proceed in forma pauperis (IFP) on appeal from the denial of his motion seeking relief from the judgment dismissing his 42 U.S.C § 1983 civil rights complaint, in which he alleged that Sergeant Lonnie Smith violated his Eighth Amendment rights by using excessive force.  By moving to proceed IFP, Cain is challenging the district court's certification that his appeal was not taken in good faith.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40303

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry into Cain's good faith "is limited to whether the appeal involves legal points arguable on their merits."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

The district court construed Cain's motion for reconsideration as a Federal Rule of Civil Procedure 60(b) motion for relief from judgment and denied the motion as untimely.  In the alternative, the district court concluded that the motion should also be denied because it lacked merit.  Specifically, the district court rejected Cain's claims that it was required to hold an evidentiary hearing before dismissing his complaint and that it erred in dismissing his complaint in spite of the fact that his injuries were more than de minimis.  We review the denial of a Rule 60(b) motion for an abuse of discretion.  *See Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir. 2009).

To the extent that Cain attempts to challenge the district court's dismissal of his § 1983 complaint, the appeal from the denial of his Rule 60(b) motion did not bring the underlying judgment up for review.  *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010).  Regarding the judgment properly before us, Cain wholly fails to address the district court's reasons for denying his Rule 60(b) motion.  Pro se briefs are afforded liberal construction.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  Nevertheless, when an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed the decision.  *Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

Because Cain has failed to challenge any factual or legal aspect of the district court's denial of his Rule 60(b) motion or the certification that his appeal is not taken in good faith, he has abandoned the critical issue of his appeal.  *See id.*  Thus, the appeal lacks arguable merit.  *See Howard*, 707 F.2d

No. 15-40303

at 220.  Accordingly, Cain's IFP motion is DENIED.  Additionally, because this appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.  Cain's motion for the appointment of counsel is DENIED.  *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  His motions for reversal and remand and to compel discovery evidence are, likewise, DENIED.