# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20172
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 17, 2017

Lyle W. Cayce
Clerk

MICHAEL WAYNE STEWART,

                              Plaintiff−Appellant,

versus

FRANK A. LEONARD, M.D., Individually and in His Official Capacity,

                              Defendant−Appellee.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-1483

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Michael Stewart, Texas prisoner #906797, appeals the summary-

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

judgment dismissal of his 42 U.S.C. § 1983 suit, wherein he raised claims regarding his medical care and conditions of confinement.  This court is without jurisdiction to consider Stewart's appeal insofar as he seeks review of the underlying judgment.  According to the certificate of service, his post-judgment motion was placed in the prison mail system at the earliest on February 12, 2016, which was 29 days after judgment was entered.  Any post-judgment motion that challenges the underlying judgment, requests relief other than correction of a purely clerical error, and is filed more than 28 days after judgment is treated as a motion under Federal Rule of Civil Procedure 60(b).  *See Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 668–69 (5th Cir. 1986) (en banc); *Williams v. Thaler*, 602 F.3d 291, 303 (5th Cir. 2010).

Thus, Stewart's motion was not timely under Federal Rule of Civil Procedure 59(e) and instead must be considered a Rule 60(b) motion.  Because the notice of appeal is timely only as to the Rule 60(b) motion, it "does not bring up the underlying judgment for review."  *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010).

The denial of Rule 60(b) relief is reviewed for abuse of discretion.  *Hernandez v. Thaler*, 630 F.3d 420, 428 (5th Cir. 2011).  "It is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so *unwarranted* as to constitute an abuse of discretion."  *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. Unit A Jan. 1981).  A Rule 60(b) motion is not an opportunity to rehash prior arguments.  *See Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007) (noting that, as a general proposition, a Rule 60(b) motion is not a permissible method for a party to "relitigate its case").

In his Rule 60(b) motion, Stewart offered only conclusional allegations and unsubstantiated assertions, none of which made the denial of the

Rule 60(b) motion "so *unwarranted* as to constitute an abuse of discretion." *See Seven Elves*, 635 F.2d at 402. Without more, Stewart's disagreement with his medical treatment was insufficient to constitute deliberate indifference, *see Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006), especially in light of a record showing a continued willingness to take his medical claims seriously, *see Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001).

Stewart also challenges the district court's decision, under 28 U.S.C. § 1915A, to dismiss his claims related to his conditions of confinement. As noted previously, because Stewart's postjudgment motion is a Rule 60(b) motion, it cannot implicate the underlying judgment for review. *See Bailey*, 609 F.3d at 767. Stewart did not otherwise challenge the dismissal of his conditions-of-confinement claims in his Rule 60(b) motion, so this court is without jurisdiction to consider his arguments on appeal.

In light of the foregoing, the appeal is DISMISSED in part for want of jurisdiction. To the extent that Stewart challenges the denial of his postjudgment motion, the judgment in that respect is AFFIRMED. Finally, Stewart's motion for leave to file an out-of-time reply brief is GRANTED.