# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10053
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 9, 2018

Lyle W. Cayce
Clerk

JEFFREY SCOTT QUINTANA,

Plaintiff-Appellant

v.

UNKNOWN AGENTS, Fort Worth Police; S. KELM, Fort Worth Police Officer;
CITY OF FORT WORTH, TEXAS,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:14-CV-472

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:[*]

Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment. In this civil rights case filed by a state prisoner, the district court entered a final judgment on November 2, 2016. Therefore, the final day for filing a timely notice of appeal was December 2, 2016. *See* § 2107(a); FED.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10053

R. App. P. 4(a)(1)(A).   Quintana's pro se notice of appeal was postmarked January 9, 2017.  *See Brown v. Taylor*, 829 F.3d 365, 368 (5th Cir. 2016).

Section 2107 and Rule 4, however, provide that the district court may reopen the time to file an appeal for 14 days if it finds that the moving party did not receive notice of the judgment appealed within 21 days of entry, the motion to reopen is filed within the earlier of 180 days after the judgment or 14 days after the party receives notice of its entry, and the court finds that no party would be prejudiced by the appeal.  § 2107(c); Fed. R. App. P. 4(a)(6).  In a pleading signed January 5, 2017, Quintana referenced the district court order, suggested that he may not have timely received a copy of the order, and identified errors in the district court opinion and order.  The district court did not address this pleading, Quintana's receipt of the judgment, or the timeliness of the notice of appeal.

We treat the pleading signed January 5, 2017, which Quintana characterized as an affidavit, as his notice of appeal and request to reopen the time for appeal.  *See Bailey v. Cain*, 609 F.3d 763, 765 (5th Cir. 2010). Accordingly, we remand the case to the district court to determine the circumstances under which Quintana received notice that final judgment had been entered, when he received that notice, when he placed his notice of appeal and motion to reopen in the prison mail system, and whether any party would be prejudiced by Quintana's appeal.  Upon making these findings, the district court shall return the case to this court for further proceedings, or dismissal, as may be appropriate.  The motion for appointment of counsel is held in abeyance with the appeal.

REMANDED.