# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10705
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 16, 2019

Lyle W. Cayce
Clerk

MELVIN WIAND,

   Plaintiff-Appellant,

v.

EDDY MEJIA; MONICA GIFFORD; MARQUITA HUMPHREY;
LIEUTENANT STALLINGS,

   Defendants-Appellees.

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CV-2891

Before JONES, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

  Melvin Wiand, federal prisoner # 37221-177, moves for leave to proceed in forma pauperis (IFP) in this appeal. By moving this court for leave to proceed IFP, Wiand is challenging the district court's determination that his appeal is not taken in good faith. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). A motion for leave to proceed IFP on appeal "must be directed solely to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the trial court's reasons for the certification decision." *Id.* at 202.  This court's inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

In his motion to this court, Wiand argues the merits of his Eighth Amendment claims, and he asserts that he adequately exhausted his administrative remedies.  An untimely notice of appeal in a civil case deprives this court of jurisdiction.  *Bailey v. Cain*, 609 F.3d 763, 765 (5th Cir. 2010); *see also Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16-17 (2017); 28 U.S.C. § 2107(a).  Because Wiand did not file a timely notice of appeal from the district court's judgment dismissing his amended complaint, the merits of the Eighth Amendment claims and the question whether those claims are exhausted are not before the court.  *See* FED. R. APP. P. 4(a)(1)(A).

Wiand makes no argument with respect to the denial of his motion to reopen the case under Rule 60(b) of the Federal Rules of Civil Procedure.  Accordingly, any issue that might have been raised with respect to that order has been waived.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).  Wiand has not shown that the district court erred in determining that his appeal was not taken in good faith.  *See Baugh*, 117 F.3d at 202.  Accordingly, his motion to proceed IFP is DENIED.  In addition, because this appeal is frivolous, it is DISMISSED.  *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

Wiand was warned previously that the filing of frivolous appeals would invite the imposition of sanctions.  *See United States v. Wiand*, 673 F. App'x 429, 430 (5th Cir. 2017).  IT IS ORDERED that Wiand pay a monetary sanction in the amount of $100 to the clerk of this court.  Wiand is BARRED from filing any pleading in this court or any court subject to this court's jurisdiction until the sanction is paid unless he first obtains leave of the court in which he seeks

No. 18-10705

to file such pleading.  We again WARN Wiand that any future frivolous, repetitive, or otherwise abusive filings will invite the imposition of additional and progressively more severe sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.  Wiand should review any pending appeals and actions and move to dismiss any that are frivolous, repetitive, or otherwise abusive.