# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 2, 2021

Lyle W. Cayce
Clerk

No. 20-50725

JOHN RICHARD SMITH,

*Plaintiff—Appellant*,

*versus*

DOCTOR DOUGLAS GREEN; WARDEN BRUCE ARMSTRONG;
VALENCIA POLLARD, *Practice Manager*, *Alfred D. Hughes*; NURSE
FNU LAURENCE; NURSE FNU WHITT, *also known as* LAURENCE
WHITT; NURSE J. MARCUM, *also known as* JENNIFER MARCUM;
NURSE T. SMITH, *also known as* TERI SMITH,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:17-CV-144

Before STEWART, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:*

John Richard Smith, Texas prisoner # 2037971, has moved for leave
to proceed in forma pauperis (IFP) in this appeal from the dismissal of his

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50725

motion under Federal Rule of Civil Procedure 60(b) for relief from the district court's judgment dismissing his civil rights action.

Smith's motion to proceed IFP is construed as a challenge to the district court's certification decision that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

Smith has failed to show that he has a nonfrivolous argument that the district court abused its discretion in dismissing his Rule 60(b) motion. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). The motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED AS FRIVOLOUS. *See* 5TH CIR. R. 42.2; *Baugh*, 117 F.3d at 202 n.24.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Additionally, a dismissal, under § 1915(e), by the district court in another case counts as a strike. Smith is WARNED that if he accumulates a third strike, he may not proceed IFP in any civil action or appeal while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).