# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 12, 2023

Lyle W. Cayce
Clerk

No. 21-20281

Cecil Max-George,

*Plaintiff—Appellant*,

*versus*

Officer C. A. Myrick; Officer J. Mejia; Officer L. Matthews; City of Houston,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-2264

Before Haynes and Engelhardt, *Circuit Judges*, and deGravelles, *District Judge*.[*]

Per Curiam:[†]

Texas inmate Cecil Max-George, proceeding pro se, sued the City of Houston and several Houston Police Department officers (collectively, "Defendants") under 42 U.S.C. § 1983 following a violent encounter at a traffic stop. On appeal, Max-George challenges the district court's partial

---

[*] United States District Judge for the Middle District of Louisiana, sitting by designation.

[†] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

grant of Defendants' motion to dismiss, grant of Defendants' motion for summary judgment, denial of his motion to recuse the district court judge, and denial of his motion for relief from the judgment filed under Federal Rule of Civil Procedure 60(b). For the following reasons, we AFFIRM.

## I.     Factual & Procedural Background

This case arose from a traffic stop that turned violent. Officers Myrick and Duval pulled Max-George over after an automated license plate reader revealed outstanding warrants associated with his truck. Max-George refused to exit the vehicle, the officers called for backup, and an altercation ensued. Ultimately, Max-George was forcibly pulled from the car. Two officers were injured during the struggle, and Max-George was arrested for assaulting an officer.

In his complaint, Max-George asserted that Defendants violated his constitutional rights by using excessive force, denying him access to medical treatment, and retaliating against him for making a crude comment. He further claimed that Defendants conspired against him and violated various federal and state criminal laws and the Texas Tort Claims Act. Finally, he alleged that the Houston Police Department maintained an unwritten policy of encouraging officers to racially profile and use excessive force against Black men.

Defendants moved to dismiss Max-George's claims and for summary judgment. In a single order, the district court granted Defendants' motion to dismiss as to Max-George's federal and state criminal law claims, his civil conspiracy claim, and his *Monnell*[1] claim, and it granted Defendants' motion

---

[1] *See Monnell v. Dep't of Soc. Servs. of the City of N.Y.*, 436 U.S. 658 (1978).

No. 21-20281

for summary judgment as to Max-George's remaining federal claims.[2]  As explained below, Max-George ultimately filed a notice of appeal, which is now timely given the district court's grant of his motions to reopen.  *See* FED. R. APP. P. 4(a)(6) (permitting the district court to "reopen the time to file an appeal" under certain conditions).

## II.    Jurisdiction & Standard of Review

The district court had jurisdiction under 28 U.S.C. § 1331.  Because the district court granted Max-George's motions to reopen, we may now properly exercise appellate jurisdiction over both the denial of his Rule 60(b) motion and the underlying order pursuant to 28 U.S.C. § 1291.[3]

---

[2] The district court also declined to exercise supplemental jurisdiction over Max-George's cause of action under the Texas Tort Claims Act, which Max-George does not contest on appeal.

[3] Max-George failed to receive timely notice of the judgment dismissing his claims, entered on October 28, 2020, and, therefore, he did not appeal within thirty days.  *See* FED. R. APP. P. 4(a)(1)(A) (requiring plaintiffs to appeal within thirty days after entry of judgment). However, four months after the district court's final judgment, he filed two motions to reopen the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(6). Shortly thereafter, he also sought relief from the judgment under Rule 60(b), which the district court denied.  Max-George then filed separate notices of appeal as to both the Rule 60(b) ruling and the underlying order.  While the case was pending in this court, the district court dismissed Max-George's Rule 4(a)(6) motions for lack of jurisdiction.

Another panel of this court then vacated this dismissal and remanded for the limited purpose of having the district court decide the motions to reopen.  *See Max-George v. Myrick*, No. 21-20281, 2022 WL 2462689, at *1 (5th Cir. July 6, 2022) (per curiam) (unpublished); *see also* FED. R. APP. P. 4(a)(6).  Specifically, the panel stated:

> We REMAND for the limited purpose of permitting the district court to determine whether the time to file an appeal from the October 28, 2020, judgment should be reopened under Federal Rule of Appellate Procedure 4(a)(6).  The district court is directed to return the case to this court for further proceedings or dismissal, as appropriate, once the ruling has been made.

We review a dismissal for failure to state a claim de novo, considering all facts "in the light most favorable to the nonmoving party." *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). However, "[w]e do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We review a grant of summary judgment de novo, viewing the evidence in the light most favorable to the non-moving party. *United Fire & Cas. Co. v. Hixson Bros., Inc.*, 453 F.3d 283, 285 (5th Cir. 2006). Summary judgment is proper where there are no genuine issues of material fact, and the movant is entitled to prevail as a matter of law. *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017) (citing FED. R. CIV. P. 56(a)).

Finally, we review a district court's denial of recusal and Rule 60(b) motions for abuse of discretion. *United States v. Bremers*, 195 F.3d 221, 226 (5th Cir. 1999) (recusal motion); *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010) (Rule 60(b) motion). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous

---

*Id.* Upon finding Rule 4(a)(6)'s conditions satisfied, the district court granted the motions to reopen—rendering Max-George's notice of appeal timely—and returned the case back to this court as part of the same appellate case. Therefore, we conclude we now have jurisdiction over this appeal. *Cf. Hinton v. City of Elwood*, 997 F.2d 774, 777–79 (10th Cir. 1993).

assessment of the evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotation marks and citation omitted).

### III.    Discussion

Max-George challenges the district court's (1) partial grant of Defendants' motion to dismiss, (2) grant of Defendants' motion for summary judgment, (3) denial of his recusal motion, and (4) denial of his Rule 60(b) motion.  We consider each in turn.

### A.    Motion to Dismiss

Max-George has inadequately briefed, and thus abandoned, any points of error relevant to the district court's partial grant of Defendants' motion to dismiss. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993) (observing that even pro se litigants must adequately brief arguments to preserve them for appeal).  Construing his briefing generously, Max-George's only discernible arguments on appeal are that (1) the district court did not liberally construe his filings; (2) Defendants failed to disclose certain police internal affairs documents and medical records; (3) the City of Houston violated the permanent injunction set forth in *Sanders v. City of Houston*, 543 F. Supp. 694 (S.D. Tex. 1982); and (4) there was substantial evidence that the Officers and the City of Houston engaged in a conspiracy.

However, Max-George wholly fails to explain *how* a more liberal reading of his filings or Defendants' disclosure of certain documents would have lent his claims sufficient plausibility to overcome the motion to dismiss. Moreover, while Max-George asserts there was ample evidence of a civil conspiracy, he never references any factual allegations relevant to proving its existence.  Mere conclusory allegations are insufficient to survive a motion to dismiss. *See Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305 (5th Cir. 2020).  Therefore, we discern no error in the district court's partial dismissal of Max-George's claims.

### B.    Summary Judgment

Max-George's challenges to the district court's summary judgment in favor of Defendants suffer from similar defects. Max-George does not address the legal or factual bases underlying the district court's reasoning. For the most part, he merely provides conclusory allegations that the Officers' conduct was discriminatory, retaliatory, and excessively forceful without asserting any legal arguments or citing any case law. Absent supporting factual evidence, these conclusory allegations are insufficient to survive summary judgment. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

Indeed, Max-George's only colorable argument—relevant to his medical indifference claim—is that the district court incorrectly denied his request for a subpoena to obtain his jail medical records, which he claims the Houston Police Department's Internal Affairs Division failed to turn over to him. Per Max-George, these documents demonstrated that he was hospitalized for a heart condition following the encounter and given morphine. But even if that's true, we fail to see how such documents would have demonstrated that the Officers inferred at *the scene* that Max-George faced a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (holding that for a prison official to act with deliberate indifference, he must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference").

Moreover, Defendants submitted records demonstrating that emergency services were immediately called to the scene, but Max-George *refused* medical treatment. Max-George provides no evidence suggesting otherwise. Rather, he simply urges that the Defendants falsified the records, as evidenced by the fact that their timestamp "ironic[ally]" matches a

booking sheet which erroneously states that Max-George was charged with homicide. While these identical timestamps are a somewhat strange coincidence, without more, they are insufficient to raise a genuine issue of material fact as to whether Defendants "purposefully neglected" Max-George's serious medical needs. *See Gobert v. Caldwell*, 463 F.3d 339, 349 (5th Cir. 2006); *see also Brown v. City of Houston*, 337 F.3d 539, 541 (5th Cir. 2003) ("Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment."). Accordingly, we conclude the district court did not err in granting Defendants' motion for summary judgment.

### C.    Recusal Motion

Max-George's challenge to the denial of his recusal motion also lacks merit. Absent specific evidence of favoritism or personal antagonism, recusal is only required where alleged prejudice stems from an "extrajudicial source." *Liteky v. United States*, 510 U.S. 540, 544 (1994) (quotation omitted). But even liberally construed, the only evidence of bias or prejudice Max-George cites are the district court's "intrajudicial" rulings against him. Accordingly, the district court did not abuse its discretion in denying Max-George's recusal motion.

### D.    Rule 60(b) Motion

Finally, we also find no error in the district court's denial of Max-George's motion for relief from the district court's judgment under Rule 60(b). Like many of his other claims, Max-George fails to point to any specific error in the legal or factual bases undergirding the district court's ruling. Accordingly, he has abandoned any arguments relevant to this issue. *See Yohey*, 985 F.2d at 224–25.

No. 21-20281

## IV.    Conclusion

For the reasons explained above, we AFFIRM the district court's partial grant of Defendants' motion to dismiss, grant of Defendants' motion for summary judgment, and denial of Max-George's recusal motion and Rule 60(b) motion.