# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2024

Lyle W. Cayce
Clerk

———————

No. 23-30151

———————

Kendrick Christmas,

*Petitioner—Appellant*,

*versus*

Tim Hooper, *Warden, Louisiana State Penitentiary*,

*Respondent—Appellee*.

———————————————————

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CV-691

———————————————————

Before Elrod, Willett, and Duncan, *Circuit Judges*.

Per Curiam:[*]

In 2011, Kendrick Christmas, Louisiana prisoner #585115, received a life sentence for second-degree murder and two 50-year sentences for attempted murder. All three sentences were set to run concurrently. Proceeding pro se, Christmas in 2018 filed a petition for federal habeas relief under 28 U.S.C. § 2254, alleging various constitutional violations at his trial and on appeal. On March 31, 2022, the district court denied his petition as

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-30151

untimely and granted a certificate of appealability (COA) on the timeliness issue.

Christmas had until May 2, 2022, to appeal. *See* Fed. R. App. P. 4(a)(1)(A), 26(a)(1)(C). On May 5, 2022, we received a letter dated May 2 from Christmas, requesting a "return date" and an extension to file a "COA brief." The letter was postmarked on May 3, 2022. A deputy clerk of our court responded that there was no open appeal and that the district court's order did not transfer his case to this court.

On June 10, 2022, Christmas moved the district court to reopen his time for appeal under Federal Rule of Civil Procedure 60(b). The district court denied Christmas's Rule 60(b) motion, and Christmas timely appealed. *See* Fed. R. App. P. 4(c)(1)(A)(ii).

Christmas does not argue on appeal that the district court erred in denying his Rule 60(b) motion. He has thus forfeited that argument. *See Price v. Digit. Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (per curiam) ("Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." (citations omitted)). Instead, Christmas says that we should construe his letter dated May 2, 2022, as a timely notice of appeal from the district court's March 31, 2022, judgment.[1]

"A timely filed notice of appeal in a civil case is 'mandatory and jurisdictional.' Nonetheless, Federal Rule of Appellate Procedure 3 makes clear that formality and title are not dispositive of whether a document is a

---

[1] Christmas's remaining arguments, as well as Hooper's, misguidedly focus on the timeliness of Christmas's § 2254 petition. That issue is not before us on this appeal. *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010) ("A notice of appeal from the denial of a Rule 60(b) motion in a civil proceeding does not bring up the underlying judgment for review.").

notice of appeal." *See Bailey*, 609 F.3d at 765 (citation omitted). A document acts as the functional equivalent of a notice of appeal so long as it "evinces an intent to appeal and contains the identity of the party or parties appealing, the judgment or order appealed from, and the court to which the appeal is to be taken." *Id.* at 765–66.

Even if Christmas's letter constitutes a notice of appeal, we cannot determine on this record whether his letter was timely filed. Christmas's letter was postmarked on May 3, 2022. Because the postmark date may not match the date that Christmas placed his letter in the prison mail system, we cannot conclude from the postmark date alone that Christmas's letter was untimely under the prison mailbox rule. *See* Fed. R. App. P. 4(c). We remand for the limited purpose of determining when Christmas placed his letter in the prison mail system. *See Thompson v. Montgomery*, 853 F.2d 287, 288 (5th Cir. 1988). Accordingly, we need not presently address the possible interaction between Rules 4(c) and 4(d).[2]

We therefore AFFIRM the denial of his Rule 60(b) motion and REMAND for the limited purpose of determining when Christmas placed the letter in the prison mail system.

---

[2] Under Rule 4(d), a notice of appeal mistakenly filed in our court is considered filed in the district court on the date that we received it. If we applied Rule 4(d) alone, Christmas's letter would be untimely because we received it on May 5, 2022, after the May 2 deadline to appeal.