# United States Court of Appeals
# for the Fifth Circuit

—————————

No. 25-11076
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**

December 18, 2025

Lyle W. Cayce
Clerk

Eric Lamar Ellis,

*Plaintiff—Appellant*,

*versus*

Rubi Garza-Lopez; Brian Marshall Barrier,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-675

———————————————————————

Before Davis, Jones, and Ho, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant Eric Lamar Ellis, appearing pro se, invoked civil Rule 60(b)(6) in the district court to request a "rehearing" of his civil-rights complaint, which had been dismissed on qualified-immunity grounds in a ruling this court affirmed.[1] The district court denied relief. We AFFIRM.

———————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] *See* Fed. R. Civ. P. 60(b)(6); *Ellis v. Garza-Lopez*, No. 23-10022, 2023 WL 3723634, *2 (5th Cir. May 30, 2023).

No. 25-11076

On August 4, 2021, Defendants-Appellees Rubi Garza-Lopez and Brian Marshall Barrier, both police officers with the City of Irving, Texas, found Ellis asleep/unconscious in his car after hours at a public park.[2] The officers claimed they smelled marijuana coming from the car's open windows, so they had Ellis exit his car and patted him down. They also searched the car and found marijuana in the glove compartment. Ellis was given the option of destroying it in lieu of a citation. He chose destruction and was released.

Ellis sued the officers for allegedly violating his Fourth and Eighth Amendment rights and claimed, among other things, that the officers lied about smelling marijuana from the open windows of his car. The officers responded that they were qualifiedly immune from liability. On summary judgment, the district court agreed with the officers and dismissed the case. This court affirmed on May 30, 2023.[3]

Over two years later, Ellis filed multiple Rule 60(b)(6) motions, complaining the final judgment was manifestly unjust. The district judge observed that, while Ellis provided "multiple Fourth Amendment precedents," he failed to apply those authorities to the facts of his case or to the district and appellate decisions finding qualified immunity. The judge thus denied the motions. Ellis appealed. We review for abuse of discretion.[4] Under this standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted—denial must have been so unwarranted as to constitute an abuse of discretion."[5]

---

[2] The facts described are found in our prior opinion, *Ellis*, 2023 WL 3723634, at *1.

[3] *See id*. at *1–2.

[4] *See Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010).

[5] *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981).

No. 25-11076

Rule 60(b)(1)–(5) allows parties to seek relief from final judgments based on excusable neglect, newly discovered evidence, fraud, or where the judgment is void or inequitable.[6] Subsection (b)(6), on which Ellis relies, is a catchall provision that permits courts to reopen cases for "any other reason that justifies relief,"[7] beyond those enumerated in subsections (b)(1)–(5).[8] But subsection 60(b)(6) is not a vehicle for the routine re-litigation of issues already decided.[9] Rather, it applies where a litigant files his motion within a reasonable time after entry of judgment and "extraordinary circumstances" warrant relief.[10]

Ellis waited two years after rendition of judgment to file his motions. He produced no evidence that justified the extraordinarily late filings. He argues that he recently discovered the officers lied about smelling marijuana through the open window of his car before they searched the vehicle and briefly detained him. But this is frivolous. He previously made the same argument on summary judgment without evidence to rebut contrary statements by the officers. In short, Ellis's pleadings and brief merely regurgitate arguments previously raised with the district court on summary judgment and on prior appeal, and his claim of manifest injustice is, at best, conclusory incantation. The district court acted well within its discretion when it denied Ellis's motions. AFFIRMED.

---

[6] *See* Fed. R. Civ. P. 60(b)(1)–(5).

[7] Fed. R. Civ. P. 60(b)(6).

[8] *See BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025) ("Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs.").

[9] *See id.*; *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007) (stating Rule 60(b) "is not an opportunity for a party to 'relitigate its case'").

[10] *See* Fed. R. Civ. P. 60(c)(1); *BLOM Bank*, 605 U.S. at 210.