# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2017

Lyle W. Cayce
Clerk

No. 16-30262
Summary Calendar

COREY HOLDER,

> Petitioner-Appellant

v.

M. SEPANEK, Warden, USP Big Sandy,

> Respondent-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:12-CV-2275

Before HIGGINBOTHAM, JONES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Corey Holder seeks a certificate of appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, challenging his 2007 Louisiana convictions for armed robbery with a firearm and resulting life sentences. He seeks to renew his claims that counsel was ineffective in failing to suppress the results of DNA testing because the search

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30262

warrant was invalid and in failing to pursue his *Batson*[1] claim further, and he argues that the district court erred in denying his postjudgment motion.

This court must examine the basis of its jurisdiction, sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Federal habeas proceedings are civil in nature, and "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Holder did not file a timely notice of appeal from the denial of his habeas petition. Instead, 30 days after the entry of judgment, he filed a motion for reconsideration, which motion must be treated as a FED. R. CIV. P. 60(b) motion. *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986) (en banc). Although Holder filed a timely notice of appeal from the denial of his Rule 60(b) motion, it "does not bring up the underlying judgment for review." *Bailey v. Cain*, 609 F.3d 763, 767 (5th Cir. 2010). Therefore, this court lacks jurisdiction to consider the district court's underlying denial of habeas relief. *See id.*

Additionally, Holder's Rule 60(b) motion challenged the district court's merits resolution of his § 2254 petition. Consequently, it was an unauthorized successive § 2254 application. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005). Because the district court lacked jurisdiction to consider such a motion, we lack jurisdiction to review the denial of Holder's Rule 60(b) motion on the merits. *See United States v. Key*, 205 F.3d 773, 774-75 (5th Cir. 2000).

Accordingly, the appeal is DISMISSED for lack of jurisdiction. The motions for COA and for leave to appeal in forma pauperis are DENIED AS MOOT.

---

[1] *Batson v. Kentucky*, 476 U.S. 79 (1986).